**United States District Court**
For the Northern District of California

1
2
3
4
5
6                           IN THE UNITED STATES DISTRICT COURT
7
8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10    JULIE DARBELLAY,                              No. C 05-05199 WHA
11              Plaintiff,
12       v.                                         **ORDER GRANTING
                                                    DEFENDANT'S MOTION FOR
13    JOHN E. POTTER, in his official capacity as   SUMMARY JUDGMENT, AND
      Postmaster General,                           VACATING HEARING**
14
15              Defendant.
                                              /
16

17                                    **INTRODUCTION**

18         In this employment-discrimination action, defendant John E. Potter, postmaster general,

19    moves for summary judgment on all plaintiff's claims.  Plaintiff has failed to present a prima

20    facie case to support her discrimination claim.  Plaintiff has presented no evidence to show that

21    she was fired for any unlawful reason.  Thus, there remain no triable issues of fact in plaintiff's

22    claim.  Accordingly, defendant's motion for summary judgment is **GRANTED**.  The hearing on

23    this motion scheduled for February 8, 2007, is hereby **VACATED**.

24                                    **STATEMENT**

25         Plaintiff *pro se* Julie Darbellay, a Hispanic female, began work as a casual mail handler

26    for the United States Postal Service on February 28, 2004 (Kim Decl. Exh. 4, 14:16–22,

27    40:14–24, 101:7–8).  She was 50 years old when she began work.  Her job duties included

28    unloading mail from mail trucks at the Embarcadero Postal Center, bringing the mail to the

United States District Court

For the Northern District of California

1    appropriate mail carriers, and straightening up her work area before leaving (*id*. at 33:9–34:24).

2    Darbellay held a temporary position; her shifts and hours of work necessarily varied with the

3    Postal Service's needs and the volume of mail received on any given day.

4           Plaintiff's complaint is directed at Glorvies Deguzman, her supervisor while working at

5    the Postal Service.  Darbellay testified at her deposition that Deguzman was very stern and

6    demanding towards her in the workplace (*id*. at 45:8–19).  Also Deguzman would not

7    acknowledge plaintiff's presence in the morning when she arrived, and when she did speak to

8    plaintiff, she would sometimes yell at her or address her in a loud voice (*id*. at 47:7–49:3).

9    Darbellay stated that Deguzman created "a hostile environment" because "she had a [sic] angry

10   way about her.  She was not pleasant to be around" (*id*. at 49:8–9).  Darbellay also testified that

11   Deguzman was angry and unpleasant toward both men and women and people of different ages

12   and races (*id*. at 69:14–71:2).  Darbellay stated that she did not know if she was terminated

13   because of her age, race or gender (*id*. at 100:14–20, 102:6–10; 103:9–13).  She did state that

14   Deguzman treated some other employees in a more friendly manner than Darbellay, including

15   "Judy," a clerk, Larry Frost, the manager of the Embarcardero Postal Station, and Warren Lo, a

16   supervisor, one other unnamed person who worked nearby (*id*. at 97:21–99:10).  Accordingly to

17   Darbellay, Deguzman was more friendly to Filipino postal employees, specifically another

18   unnamed supervisor (*id*. at 95:20–96:23).

19          Plaintiff was terminated from the Postal Service on April 1, 2004.  The reasons cited

20   were her poor job performance, her demeanor toward other employees, and her resistance to

21   changes in her work schedule (Deguzman Decl. ¶ 6).  A varying work schedule was part of

22   plaintiff's job as a casual mail handler.  Deguzman reported that Darbellay would not follow

23   directions.  Because plaintiff would sometimes walk away while Deguzman was speaking to

24   her, she often had to repeat instructions several times (*ibid*.).  Plaintiff also argued with her

25   supervisors and fellow employees (*ibid*.).  Deguzman recommended terminating plaintiff to

26   manager Larry Frost (*ibid*.).

27          On July 2, 2004, plaintiff filed an Equal Employment Opportunity complaint alleging

28   discrimination based on national origin, gender, and age (Kim Decl. Exh. 4, Dep. Exh. G).  It

United States District Court

For the Northern District of California

1    was dismissed on March 22, 2005, and the dismissal was affirmed by the EEOC on September

2    21, 2005. Darbellay filed this action on December 15, 2005 alleging that she was terminated

3    because of her race and age. Plaintiff stated in her deposition that she was also discriminated

4    against on the basis of her gender and national origin.

5          Defendant's counsel served requests for admission and interrogatories on plaintiff by

6    mail on September 21, 2006 (Kim Decl. Exhs. 1, 3). Her responses were originally due no later

7    than October 25, 2006. Defendant's counsel agreed to extend the deadline to November 7, then

8    to November 28, and finally to December 8, 2006. Plaintiff never responded, nor did she

9    provide initial disclosures, notice any depositions, or serve any written discovery requests.

10   Plaintiff did write a letter to the Court styled as a "request for necessary information and

11   contacts from people within the U.S.P.S." on November 3, 2006. Defendant turned over the

12   requested information to plaintiff to the extent that it believed the information to be not

13   privileged.

14         Defendant filed this motion for summary judgment on December 22, 2006, and noticed

15   it for a hearing on January 25, 2007. Plaintiff did not file an opposition to the motion. Instead,

16   the parties stipulated to continue the hearing to February 8, 2007. The request was granted.

17   Despite this, plaintiff protested that she was "not allowed" to contact people within the Postal

18   Service and that the hearing should be continued to March 2007, the month for which plaintiff

19   believed the hearing was originally scheduled. Discovery was closed on November 24, 2006,

20   and trial was set for April 2, 2007.

21                                       **ANALYSIS**

22         Under FRCP 56(c), summary judgment should be granted where the pleadings,

23   discovery, and affidavits show "that there is no genuine issue as to any material fact and that the

24   moving party is entitled to judgment as a matter of law." The moving party has the initial

25   burden of production to demonstrate the absence of any genuine issue of material fact. *Playboy*

26   *Enterprises, Inc. v. Netscape Communications Corp.*, 354 F.3d 1020, 1023–24 (9th Cir. 2004).

27   Once the moving party has met its initial burden, the nonmoving party must "designate specific

28   facts showing there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24

3

United States District Court

For the Northern District of California

1   (1986). "If the moving party shows the absence of a genuine issue of material fact, the non-

2   moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine

3   issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (citation

4   omitted).

5          In the Ninth Circuit, "there is a high standard for the granting of summary judgment in

6   employment discrimination cases." *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1410 (9th

7   Cir. 1996). "'[W]e require very little evidence to survive summary judgment' in a

8   discrimination case, because the ultimate question is one that can only be resolved through a

9   'searching inquiry' – one that is most appropriately conducted by the factfinder, upon a full

10  record.'" *Ibid.* (quoting *Lam v. University of Hawaii*, 40 F.3d 1551, 1563 (9th Cir. 1994)).

11         **1.     PRIMA FACIE CASE OF DISCRIMINATION.**

12         To establish a prima facie case of discrimination under Title VII, the plaintiff is required

13  to show that:

14         (1) she belongs to a protected class, (2) she was performing according to her
           employer's legitimate expectations, (3) she suffered an adverse employment action,
15         and (4) other employees with qualifications similar to her own were treated more
           favorably.

16
*Bergene v. Salt River Project Agr. Imp. and Power Dist.*, 272 F.3d 1136, 1140 (9th Cir. 2001).
17
           Plaintiff is a 50-year-old Hispanic female.  Defendant does not dispute that as such, she
18
    is a member of a protected class.  As to the third prong, plaintiff was terminated from her
19
    position as a casual mail handler which constitutes an adverse employment action.
20
           For the second element, defendant presents evidence that Darbellay was not performing
21
    her job up to legitimate expectations.  When her supervisor would give her instructions,
22
    Darbellay would walk away and the supervisor would have to repeat the instructions.  She
23
    resisted the fluctuations in her work schedule that accompanied her position as a casual mail
24
    handler.  She also would leave materials in her work area in an unsafe manner.  Plaintiff has not
25
    presented any evidence in response.  At best, she has stated that she does not know why she was
26
    fired.  Even under the forgiving standard for summary judgment in employment-discrimination
27
    cases, plaintiff has shown no evidence that she was performing up to her employer's legitimate
28
    expectations.

4

United States District Court

For the Northern District of California

1    As to the fourth element of a prima facie case, plaintiff must identify employees who are

2  similarly-situated in all respects who were treated more favorably than she. *See Moran v. Selig*,

3  447 F.3d 748, 756 (9th Cir. 2006).  In her deposition, plaintiff identified four people such

4  people.  One of them, Judy, was a mail clerk, a different position than a casual mail handler.

5  Larry Frost was the plant manager of the Embarcadero Postal Center.  Warren Lo was a

6  supervisor, as was the unnamed person at the next station.  None of these people held positions

7  similar to plaintiff's.  Accordingly, she has not shown other similarly-situated employees were

8  treated more favorably by Deguzman than she was.  Plaintiff has failed to make out a prima

9  facie case, thus summary judgment for defendant is warranted.

10                               *                    *                    *

11    Plaintiff simply has not shown that she was terminated for any unlawful reason or that

12  her supervisor discriminated against her.  Aside from her own allegations in the complaint,

13  Darbellay did not even testify that she was discriminated against on the basis of her race,

14  gender, age, or national origin.  Additionally, the Postal Service has shown a legitimate, non-

15  discriminatory reason for terminating Darbellay's employment.  Darbellay argued with other

16  employees and her supervisor, resisted changes to her work schedule, and had difficulty

17  following directions.  Plaintiff has not presented any evidence to the contrary, nor has she

18  presented any evidence that she was terminated for an unlawful reason.

19    In short, plaintiff has not shown that she suffered any discriminatory employment

20  action.  She testified that she did not recall her race, gender, age, or national origin ever being

21  mentioned while she worked for the Postal Service.  Even taking all of her statements as true,

22  she has not presented any evidence that action was taken against her because of her protected

23  status.  She merely testified that Deguzman was more pleasant to Filipino workers than she was

24  to plaintiff.  This is not actionable under the law.  Accordingly, defendant's motion for

25  summary judgment is **GRANTED**.

26    **2.    PLAINTIFF'S FAILURE TO RESPOND TO WRITTEN DISCOVERY.**

27    Failure to respond to a request for an admission is automatically deemed an admission.

28  Fed. R. Civ. P. 36(a).  Here, defendant propounded requests for admission asking Darbellay to

5

United States District Court

For the Northern District of California

1  admit that she was terminated because of her poor work performance and not for any unlawful

2  reason.  She failed to respond, thus defendant argues that she is deemed to have admitted that

3  she was not terminated for any unlawful reason.  This is true.  In any event, plaintiff has failed

4  to make out her prima facie case of discrimination.

5  **CONCLUSION**

6  For all the above-stated reasons, defendant's motion for summary judgment is

7  **GRANTED**.  This action is **DISMISSED**. Seeing that no further argument on this matter is

8  necessary, the hearing is **VACATED**.  Plaintiff is advised that she may appeal this matter to the

9  Court of Appeals for the Ninth Circuit if she properly dockets her appeal in accordance with

10  that court's rules within 30 days of the entry of judgment.

11

12  **IT IS SO ORDERED.**

13

14  Dated:  February 6, 2007

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6